## MORRIS ALKUS *et al. v.* DAVID RODH.

In an action for fraudulently entering judgment on a false affidavit of service of the summons, the plaintiff put in evidence the report of a referee appointed on a motion to vacate the judgment in the former suit, reciting that it had been referred to him to take testimony and report as to whether the summons was ever served, and that he had taken testimony, and that in his opinion it had not; also an order, made by the court on the report of the referee, vacating the judgment. *Held,* that this was not sufficient to show that the question of whether the summons had ever been served was *res adjudicata* between the parties.

APPEAL by plaintiffs from a judgment of the general term of the Marine Court affirming a judgment, entered by direction of a judge at trial term, dismissing the complaint.

The action was brought to recover damages for fraudulently entering up judgment in this court, on Sept. 24, 1869, for $803 66, by defendant against plaintiffs, by means of a false affidavit of service of summons, and for fraudulently issuing an execution on such judgment to the sheriff, under which execution the store of plaintiffs was closed and their property levied on. The complaint further alleged that on October 19th, 1869, this court, by an order made in such action, vacated such judgment for want of service of the summons.

The answer denied every allegation of the complaint, except that a judgment was entered against plaintiffs on Sept. 24th, 1869, after due and lawful service of summons and failure to answer, and except that an order was made by this court that the said judgment be vacated.

On the trial the plaintiffs produced the record of the alleged fraudulent judgment, which contained the summons, affidavit of service on both defendants therein, affidavit of no answer, complaint, order to assess damages by the sheriff's jury, mandate to the jury, inquisition of the jury, bill of costs, and order for judgment, dated Sept. 23d, 1869. The plaintiffs next produced the report to this court, of the referee in the same action, dated Oct. 8th, 1869, reciting that in pursuance of an order made in said action on Sept. 30th, 1869, by which it was

referred to him to take the oral testimony of witnesses for plaintiff and defendants, and to report the testimony to the court, together with his opinion as to whether the summons was ever served upon the defendants or either of them, he had examined under oath, the witnesses produced by the plaintiff and the defendants in said action, and heard the arguments of counsel for the respective parties, and that the testimony so taken was annexed to his report, and he reported that in his opinion the summons in that action was never served on the defendants or either of them.

The plaintiffs next produced an order of this court dated Oct. 19th, 1869, reciting the reading of the above report and opinion, and the reading and filing of the notice of motion, and the hearing of counsel for defendants for the motion and for plaintiff against the motion, and ordering that the aforesaid judgment be vacated and set aside, and marked on the docket, "Vacated by order."

Plaintiffs further offered a paper dated Oct. 19th, 1869, signed by the attorney for the plaintiff in said judgment, countermanding the execution issued thereon. Plaintiffs then proved the visit of the sheriff with said execution, the amounts paid the sheriff's man for allowing them to keep their store open, and the sums paid in counsel fees to have the judgment vacated as aforesaid.

The court dismissed the complaint on the ground that there was not proof sufficient to sustain the allegations of the complaint.

*David Crawford*, for appellants.

*J. Solis Ritterband*, for respondent.

By the Court.*—J. F. Daly, J.—It appears to me that the judgment should be affirmed. Without passing on the question whether the decision of a motion to vacate a judgment, on the ground that a summons had not been served therein, would estop either party to the action from denying

Present, Daly, Ch. J., Larremore and J. F. Daly, JJ.

Alkus v. Rodh.

any matter determined in such motion, it is enough to say that the plaintiff in this action did not prove enough to show a former adjudication upon the question of the service of the summons in the Common Pleas. The records produced to sustain the allegation that the summons was not served, do not show that that question was ever litigated between the parties or at issue between them. " The principle upon which judgments are held to be conclusive upon the parties, required, that the rule should apply only to that which was *directly in issues* and not to everything which was incidentally brought into controversy during the trial" (Greenl. on Ev. vol. 1, § 523). The judgment must be according to the allegations and the proof. To show that the matter alleged to be finally determined was at issue between the parties, it is necessary to produce the pleadings. To show that it was actually litigated between them, it is necessary to produce the pleadings and sometimes the evidence on the trial. No less strict rule can be applied to adjudications of motions than to determinations of actions. It was the duty of the plaintiff here to show that the question of the service of the summons was directly at issue in the motion in this court. To do so he should, at least, have produced the moving papers and those read in opposition, and the order referring the matter to the referee. It was not enough to produce the referee's report reciting the order of reference and giving an opinion merely on the very vital point involved, and then to produce an order which does not state on what ground the decision is based. For all that appears it may be that the judgment was sought to be vacated on several grounds besides the falsity of the affidavit of service, and that on one of these other grounds the court granted the motion. The plaintiff below did not make out even a *prima facie* case.

Judgment affirmed.